FILED
BILLINGS DIV.

2010 JUL 7 PM 2 18

PATRICK E. DUFFY, CLERK

_____DEPUTY CLERK

L. Randall Bishop
Jarussi & Bishop
P.O. Box 3353
Billings, MT 59103-3353
Telephone: (406) 245-7555

Attorneys for Plaintiffs

CLERK OF THE
DISTRICT COURT
CAROL JUESSIG

2010 MAY 3 PM 3 39

FILED
BY _____ MB ①
DEPUTY

CU-10-79-BLG-RFC-CSO

MONTANA THIRTEENTH JUDICIAL DISTRICT COURT, YELLOWSTONE COUNTY

DV-10    799

| JUDITH HERZOG, | ) | Cause No. _____ |
| | ) | |
| Plaintiff, | ) | Judge: RUSSELL C. FAGG |
| | ) | |
| vs. | ) | |
| | ) | **COMPLAINT**   IMAGED |
| ESIS, INC. | ) | |
| | ) | **(JURY TRIAL DEMANDED)** |
| | ) | |
| Defendant. | ) | 120/33408 |

Plaintiff's complaint states:

1.     ESIS Inc. is an insurance services and claims management company licensed to do business in the state of Montana and subject to Montana law prohibiting unfair claim settlement practices.

2.     At all times relevant to this Complaint, ESIS was responsible for providing claim management, handling, adjustment and settlement services to PSC Industrial Outsourcing, LP, and PSC Industrial, Inc.

3.     On February 8, 2008, the semi-tractor-trailer owned by PSC Industrial Outsourcing, LP, PSC Industrial, Inc., or both, and being driven negligently by its employee/driver Eugene Edward Isakson, failed to yield the right-of-way to oncoming traffic when entering onto Highway 310 from a private road near the



Cenex Refinery in Laurel, Montana, in violation of Montana statutes including specifically Section 61-8-341, M.C.A. and Section 61-8-343, M.C.A. See Exhibit 1, attached.

4.     As a direct result of Isakson's carelessness and violations of Montana law, an immediate and violent collision occurred with a 2002 Dodge 4-door R1500 pickup truck which had the right of way on Highway 310, and in which Judith Herzog was riding as a passenger, causing plaintiff to suffer personal injuries, physical pain, shock, fright, fear, traumatic stress, medical expense and lost wages.

5.     Immediately following this collision, and at all times relevant to this civil action, PSC knew and admitted that the February 8, 2008, wreck was caused by carelessness of its semi-tractor driver in failing to make sure the right of way was clear. See Exhibit 2, attached.

6.     Defendant ESIS was solely responsible for handling plaintiff's claim against PSC Industrial Outsourcing, LP, PSC Industrial, Inc. and Eugene Isakson arising out of this clear liability motor vehicle collision.

7.     Plaintiff promptly provided ESIS with copies of her bills for medical care necessitated by this collision for payment, but these bills were ignored by ESIS.

8.     On May 28, 2008, plaintiff wrote to ESIS inquiring whether it intended to advance pay her medical bills, which ESIS knew it was required to do by Montana law. See Exhibit 3, attached.

9.     The following day, May 29, 2008, ESIS acknowledged its delays in handling plaintiff's claim. ESIS further confirmed in writing its intentional refusal to pay plaintiff's medical bills as was required by law. See Exhibit 4, attached.

2

10. Thereafter, on June 17, 2008, ESIS confirmed in a letter addressed "To Whom It May Concern," its refusal to pay plaintiff's medical expenses as required by Montana law, stating its intention to force plaintiff to settle her claim in full in order to get her medical bills paid. See Exhibit 5, attached.

11. In total disregard of Montana law, ESIS attempted to take advantage of the economic leverage of plaintiff's unpaid medical bills and her lost time at work to force plaintiff to accept an unreasonably low offer of full settlement.

12. More than a full year passed following the February 8, 2008, collision, during which ESIS refused to honor its duty to pay in advance of settlement all of plaintiff's claims for medical expense and compensate plaintiff for lost time at work, ignored its obligation to conduct a reasonable investigation based upon all available information and neglected to attempt to effectuate a prompt, fair and equitable settlement of plaintiff's claim.

13. Defendant's intentional and multiple violations of Montana law caused harm to plaintiff in the form of frustration, anger, humiliation, embarrassment, chagrin, disappointment and worry and by forcing her to hire an attorney to file and prosecute a civil action.

14. In the civil action filed on plaintiff's behalf, defendant permitted counsel it retained to deny liability, knowing full well that PSC was at fault for the February 8, 2008, collision in which plaintiff was injured. As a result, and in order to get ESIS to make a settlement offer that was not unreasonably low, plaintiff was required to conduct discovery necessary to force PSC to produce documents and admit facts proving that ESIS knew all along the February 8, 2008, collision was

3

caused by the carelessness of its semi-tractor driver in failing to yield the right of way.

15.    At all times relevant to this Complaint, ESIS had the responsibility to handle claims arising in accordance with standards applicable to the insurance industry and made mandatory by Montana's Unfair Trade Practices Act, Section 33-18-201, M.C.A., all of which are intended as a matter of public policy to result in the expeditious and fair resolution of liability claims in which liability is reasonably clear, without the necessity for hiring legal counsel and filing a civil cause of action. Pursuant to the MUTPA, it is unlawful and a prohibited practice to:

(a)    misrepresent pertinent facts in handling claims presented under its insurance policies;

(b)    misrepresent insurance policy provisions relating to coverages at issue in handling claims presented under its insurance policies;

(c)    refuse to pay claims under its insurance policies without conducting a reasonable investigation based upon all available information;

(d)    attempt to delegate or shift its duty to conduct a fair and full investigation to its insured;

(e)    fail to document facts pertinent to its handling of claims within a claim file;

(f)    deny claims based upon speculation, surmise or guesswork;

(g)    fail to attempt to bring about a prompt, fair and equitable settlement of claims where the reasonably available documentation revealed liability for such claim was reasonably clear.

4

16.     ESIS violated subparagraphs 1, 4, 6 and 13 of the Montana Unfair Claim Settlement Practices Act, Section 33-18-201, M.C.A., causing Plaintiff to suffer injury, damage and loss, including emotional distress, giving rise to a general tort action in favor of Plaintiff pursuant to Section 33-18-242, M.C.A.

17.     ESIS purposely refrained from undertaking a reasonable investigation based upon all available information, intentionally refused to make advance payments for plaintiff's medical expenses and lost time at work and neglected to attempt to effectuate a prompt, fair and equitable settlement of Plaintiff's claims, all for the purpose of exerting economic leverage against plaintiff and enhancing its profit at plaintiff's expense and gaining unfair advantage over plaintiff in conscious disregard of, or indifference to, the certainty that Plaintiff would suffer injury as a result.  This conduct on the part of ESIS meets the standards of actual malice, and justifies assessment of punitive damages against ESIS in accordance with the strict procedural protections afforded by Montana law.

WHEREFORE, plaintiff respectfully requests prays for judgment:

1.     For damages sufficient to compensate Plaintiff for all her damages and loss herein, including emotional distress, attorney fees and expenses;

2.     For a separate award of attorney fees and costs as permitted by Montana law;

3.     For punitive damages against ESIS sufficient to make an example of its wrongful conduct toward plaintiff, and deter similar wrongful acts on the part of ESIS and all other for-profit insurance claim handlers now and in the future; and

5

4.     For such other and further relief as the Court may deem appropriate under the circumstances.

DATED this 3rd day of May, 2010.

JARUSSI & BISHOP

By: _____
L. Randall Bishop

**PLAINTIFF DEMANDS TRIAL BY JURY**

6